# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:11-cr-104-1 |
| v. ) | |
| ) | Judge Collier/Steger |
| CHRISTOPHER VINES ) | |

## MEMORANDUM AND ORDER

CHRISTOPHER VINES ("Defendant") came before the Court for an initial appearance on October 5, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Chris Poole explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary hearing and a detention hearing.

The Court conducted the preliminary hearing and detention hearing on October 13, 2017. Defendant was represented by Gianna Maio at this hearing, and the Government was represented by Kyle Wilson. The Government relied upon the testimony of United States Probation Officer Derek Beamer as well as the sworn Petition executed by Officer Beamer which includes a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, possession and use of an illegal controlled substance; failure to notify the probation officer at least ten days prior to a change in residence or employment; failure to refrain from possession and use of a controlled substance not prescribed by a physician; failure to refrain from

1

frequenting places where controlled substances are illegally sold, used, or distributed; failure to notify the probation officer within 72 hours of being arrested by a law enforcement officer; failure to participate in a program of testing for drug and/or alcohol abuse as directed by the probation officer). Defendant's counsel, Gianna Maio, proffered evidence on behalf of Defendant. Counsel for both sides were given an opportunity to argue for and against detention.

The undersigned finds that Defendant tested positive for marijuana and/or cocaine on four occasions, and that he admitted use of those substances. Defendant also failed to report for scheduled drug screens on three occasions. Defendant was arrested on September 3, 2017, by the Chattanooga Police Department for domestic assault and did not notify his probation officer of this arrest. Finally, Defendant changed his residence address without notifying the probation officer.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed violations of his conditions of supervised release. The Court does not find that Defendant is a flight risk; however, the Court finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is **GRANTED**.

2. Defendant shall appear for a revocation hearing before United States District Judge Collier on **November 29, 2017, at 2:00 p.m.**

3. The United States Marshal shall transport Defendant to the revocation hearing before Judge Collier at the aforementioned date and time**.**

**ENTER.**

*/s/Christopher H. Steger*
United States Magistrate Judge